NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAURICE E. GIORDANI,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1467

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4631, Judge Alan G. Lance, Sr.

---

Decided: May 10, 2017

---

MAURICE E. GIORDANI, Ft. Lauderdale, FL, pro se.

KRISTIN MCGRORY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* LOURIE and STOLL, *Circuit Judges.*

PER CURIAM.

Maurice Giordani seeks review of the United States Court of Appeals for Veterans Claims ("Veterans Court") memorandum opinion affirming the Board of Veterans' Appeals ('Board') decision, finding that Mr. Giordani was not entitled to service connected disability compensation for post-traumatic stress disorder ("PTSD"). *Maurice E. Giordani v. Robert A. McDonald, Secretary of Veterans Affairs*, No. 15-4631 (Vet. App. Oct. 13, 2016). Because we lack jurisdiction to hear this appeal, we dismiss.

I

Mr. Giordani served on active duty in the U.S. Marine Corps from September 1979 to August 1980. A June 1980 medical board report indicated that Mr. Giordani was admitted to a Naval medical facility and diagnosed with acute schizophrenia. After concluding that his schizophrenia was connected to his service, the Department of Veterans Affairs ("VA") awarded Mr. Giordani compensation benefits at the fifty-percent disability level. The VA subsequently increased his rating and awarded him a total disability rating based on individual employability, entitling him to compensation at the one-hundred-percent level.

While receiving his disability benefits for schizophrenia, Mr. Giordani sought service connection for PTSD as a result of an alleged assault by Navy medics. The receiving officer ultimately denied his claim. Years later, the VA conducted a health evaluation in connection with Mr. Giordani's disability rating for schizophrenia and found that he did not have a mental disorder other than schizophrenia. Following this examination, the Board issued its

decision denying Mr. Giordani's service connection for PTSD for lack of medical diagnosis of the condition. The Board concluded that Mr. Giordani did not have a diagnosis of PTSD under the criteria set forth in the relevant diagnostic classification standard. On appeal, through counsel, Mr. Giordani conceded that he had not been diagnosed with PTSD and thus did not contest the Board's denial of service connection for that condition. Rather, he argued that the Board failed to consider whether his claim should be construed to encompass potential service connection for a mental disorder other than PTSD or schizophrenia, and that the Board failed to provide an adequate basis for its denial. *See* App'x 17–19 (arguing that those mental disorders include depressive disorder, insomnia, and a generalized anxiety disorder). The Veterans Court affirmed, finding that Mr. Giordani had not demonstrated clear error in the Board's decision. Mr. Giordani timely appealed to this court.

II

On appeal, Mr. Giordani asks us to reverse the Veterans Court decision denying his service connection for PTSD. In support, he argues that "[t]he CAVC did not validate the correctness and truth about VA medical providers who state that [he] is not suffering from PTSD." Appellant's Br. 1. The government argues that this court lacks jurisdiction to entertain Mr. Giordani's appeal because his arguments merely depend upon the Veterans Court's and Board's application of established law to the facts of the case. Appellee's Br. 11. We agree with the government.

Reviewing the Board's decision, the Veterans Court concluded that Mr. Giordani had neither demonstrated that the Board committed clear error nor that it had otherwise inadequately explained its decision. App'x 5. Mr. Giordani's challenges to the Veterans Court's decision on appeal relate to the Board's underlying factual findings

and its application of the relevant law to those facts. As an appellate court, however, our review of Veterans Court's decisions is limited to constitutional issues and statutory interpretation. 38 U.S.C. § 7292(d)(1). Thus, we lack the authority to disturb these findings on appeal. *See id.* § 7292(d)(2). Accordingly, we dismiss Mr. Giordani's appeal for lack of jurisdiction.

## DISMISSED

### COSTS

The parties shall bear their own costs.